O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| JIM THUAN PHAN, individually and on behalf of all other aggrieved employees and others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>SEARS, ROEBUCK AND CO., and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case № 5:15-cv-02582-ODW (KK)<br><br>**ORDER GRANTING MOTION TO REMAND [13]** |

## I. INTRODUCTION

Plaintiff Jim Thuan Phan moves to remand this putative class action to San Bernardino Superior Court for lack of subject matter jurisdiction. (Motion to Remand ("Mot."), 1–2, ECF No. 13.) Plaintiff argues that Defendant Sears, Roebuck and Co. failed to make a plausible allegation under the Class Action Fairness Act ("CAFA") that the amount in controversy exceeds the $5 million jurisdictional minimum. (*Id*. at 4.) For the reasons discussed below, the Court finds that the amount in controversy does not exceed the minimum threshold required for federal jurisdiction. Therefore, this Court **GRANTS** Plaintiff's Motion to Remand.

## II. FACTUAL BACKGROUND

This is a labor dispute arising out of Plaintiff's employment with Defendant as a non-exempt technician. (Compl. ¶ 24, ECF 1–1.) Defendant is a large retailer that sells home, apparel, and automotive products in the United States. (*Id.* at 2.) Defendant employed Plaintiff in California from approximately March 2014 to November 2014 and paid him on a piece rate basis. (*Id.* at 24.) Defendant continues to employ non-exempt employees in California on a piece rate basis, which compensates employees for each unit of work completed. (*Id.* at 25.) Plaintiff alleges that Defendant violated the California Labor Code and Industrial Welfare Commission Wage Orders by failing to show the number of piece-rate units earned on employees' itemized wage statements and failing to keep accurate payroll records. (*Id.* at 27–29.)

On November 5, 2015, Plaintiff filed this action in San Bernardino Superior Court, alleging two causes of actions: (1) failure to provide accurate itemized wage statements under California Labor Code section 226; and (2) penalties under the Private Attorneys General Act of 2004, codified in California Labor Code section 2698 ("PAGA"). Defendant removed the action to this Court on December 18, 2015. (Not. of Removal, ECF No. 1.) On January 25, 2016, Plaintiff filed a First Amended Complaint, withdrawing the wage statement claim. (First Amended Complaint, ECF No. 12.) On February 8, 2016, Plaintiff moved to remand. (ECF No. 13.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under CAFA, federal courts have original jurisdiction over a class action if (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the aggregated amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554–55 (2014). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010.) When a statutory maximum is provided, the Court may consider the maximum statutory penalty available to decide by a preponderance of the evidence whether the amount in controversy requirement has been satisfied. *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981–82 (9th Cir. 2013); *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 125 (E.D. Cal. 2008.)

## IV. DISCUSSION

As the removing party, Defendant bears the burden of proving federal subject matter jurisdiction under CAFA by a preponderance of the evidence. *Rodriguez*, 728 F.3d at 981. Defendant states that this Court has original jurisdiction under CAFA because (1) Plaintiff and Defendant are citizens of different states, (2) the class action is filed on behalf of more than 100 putative class members, and (3) the amount in controversy exceeds $5 million. (NOR ¶ 5.) Plaintiff does not contest that diversity exists between the parties or that the class is composed of more than 100 class members. Instead, Plaintiff argues that the Court should remand this matter because Defendant failed to demonstrate that the amount in controversy exceeds $5 million.

Defendant argues that the potential penalties awarded under the wage statement claim and the PAGA claim exceed the $5 million amount in controversy threshold. (Opp'n at 5–6, ECF No. 15.) Plaintiff, however, asserts that the Ninth Circuit prohibits including PAGA penalties in the amount in controversy calculations, leaving

1 Defendant's wage statement claim as the only cause of action to be considered. (Mot.
2 at 6.) Further, Plaintiff contends that the penalties recoverable within the one year
3 liability period for the wage statement claim do not meet the amount in controversy
4 requirement. (*Id.* at 4–5.) This Court will consider each argument in turn.

### A. PAGA Claim

Defendant concedes that Ninth Circuit law is contrary to its position, but fails to sufficiently distinguish between the binding precedent and the case at hand. (Opp'n at 7.) Ninth Circuit case law holds that when an action containing class claims does not meet the CAFA jurisdictional amount, PAGA penalties cannot be used to satisfy the requirement. *Yocupicio v. PAE Group, LLC*, 795 F.3d 1057, 1060 (9th Cir. 2015), relying on *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117 (9th Cir. 2014). CAFA was enacted to facilitate adjudication of *class claims*, but Plaintiff brings PAGA as a *representative claim* in contravention with the purpose of CAFA. *Yocupicio*, 795 F.3d at 1059, 1060–61. Therefore, penalties resulting from the PAGA cause of action will not be considered in evaluating the amount in controversy for the class action.

### B. Wage Statement Claim

Defendant argues that the relief sought in the Complaint cannot be limited by a statute of limitations defense in order to show that the amount in controversy is less than the jurisdictional minimum. (Opp'n at 4.) However, this argument is not applicable to section 226(e)(1) penalties, which are clearly subject to a one-year limitations period. *See Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1179 (C.D. Cal. 2008). As such, the Court finds that the wage statement claim for penalties does not meet the amount in controversy threshold.

California Labor Code section 226(e)(1) provides that an employee suffering injury as a result of a knowing and intentional failure to provide an accurate wage statement is entitled to penalties and attorneys' fees. Employers face a $50 penalty for a violation that occurs during the initial pay period and $100 penalty for each violation

in a subsequent pay period. Cal. Lab. Code § 226(e). California Code of Civil Procedure section 340 prescribes a one-year limitations period for "[a]n action upon a statute for a penalty or forfeiture" under section 226(e)(1). *Elliot*, 572 F. Supp. 2d at 1179; *Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013, 1024 (E.D. Cal. 2015). Therefore, the Court may only consider the class members and wage statement violations that fall within the one-year liability period prior to the filing of the Complaint. *Elliot*, 572 F. Supp. 2d at 1179.

Here, from November 5, 2014 to November 5, 2015, Defendant employed more than five hundred employees for at least one pay period and placed 15,689 wage statements at issue. (NOR ¶ 19.) As a result, the total potential penalties could amount to $1,543,900 [($50 x 500 employees for initial violations) + ($100 x 15,189 remaining wage statements for subsequent violations)]. Also, the amount in controversy calculations may include attorneys' fees, which the Ninth Circuit has established to be 25% of the common fund to be distributed to the class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). If Plaintiff were to be awarded the estimated penalty amount above, attorneys' fees would be approximately $385,975 [$1,543,900 x 25%]. In total, the amount in controversy for the wage statement claim would be **$1,929,875**, which falls short of the jurisdictional minimum of $5,000,000. On the basis of this claim alone, the Court remands the case for lack of subject matter jurisdiction.

///
///
///

## V. CONCLUSION

For the reasons discussed above, the Court finds that it does not have subject matter jurisdiction over this action under 28 U.S.C. § 1332. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand. This action shall be remanded to the San Bernardino Superior Court, case number CIVDS1516392. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

April 11, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**